UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DARNELLA CHRISTINE BROWN,

                          Plaintiff,

                    v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                          Defendant.
_____

<u>DECISION AND ORDER</u>

17-CV-6070L

      Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

      On March 14, 2013, plaintiff, then forty-eight years old, filed an application for Supplemental Security Income benefits under Title II of the Social Security Act, alleging an inability to work since February 25, 2012. (Administrative Transcript, Dkt. #9 at 15, 21). Her application was initially denied. Plaintiff requested a hearing, which was held on March 20, 2015 before Administrative Law Judge ("ALJ") Brian Kane. The ALJ issued a decision on April 23, 2015, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #9 at 15-22). That decision became the final decision of the Commissioner when the Appeals Council denied review on December 7, 2016. (Dkt. #9 at 1-3). Plaintiff now appeals from that decision. The plaintiff has moved (Dkt. #11), and the Commissioner has cross moved (Dkt. #14) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the

plaintiff's motion is denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records, particularly relative to plaintiff's diagnoses of hepatitis C, untreated, and chronic obstructive pulmonary disease, untreated, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. The ALJ also discussed, but found to be non-severe, additional impairments alleged by plaintiff, chiefly post-traumatic stress disorder ("PTSD"), depression, anxiety, hypertension, back pain, calloused feet, and alcohol and drug abuse. (Dkt. #9 at 17). Upon consideration of the record, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform the full range of light work, with no additional limitations. (Dkt. #9 at 19). Specifically, plaintiff can lift and carry up to 20 pounds, can sit, stand or walk for 6 hours in an 8-hour workday, and can frequently use both hands for fingering. *Id*.

Based on this RFC and in light of plaintiff's age, limited education, and lack of past relevant work, the ALJ applied the Medical-Vocational Guidelines (the "Grids") to find her "not disabled." (Dkt. #9 at 20-21).

I believe the evidence supports the ALJ's findings concerning the nature and extent of plaintiff's limitations, and that his finding that the plaintiff was not disabled was supported by substantial evidence and was not the product of legal error.

## I.    The ALJ's Evaluation of Medical Opinions

On appeal, plaintiff initially objects to the RFC determined by the ALJ, arguing that the ALJ failed to properly account for plaintiff's mental limitations.    Specifically, plaintiff argues that the ALJ erred when he stated that he was assigning "some weight" to the opinion of consulting psychologist Dr. Christine Ransom, but failed to incorporate Dr. Ransom's findings of "moderate" limitations in performing complex tasks, relating adequately with others, and dealing with stress, into his RFC finding.

I do not find that the ALJ's assessment of Dr. Ransom's opinion was erroneous.

It is well settled that an ALJ must consider both severe and non-severe impairments when making an RFC determination.  *See Parker-Grose v. Astrue*, 462 Fed. Appx. 16 (2d Cir. 2012), *Skardinski v. Colvin*, 2017 U.S. Dist. LEXIS 30535 at *18-*20 (W.D.N.Y. 2017).   While it is therefore legal error for an ALJ to overlook, in his RFC determination, "limitations arising from [a claimant's non-severe] mental impairment that were established by substantial evidence in the record," an ALJ's failure to specifically include non-exertional impairments in his RFC findings does not warrant remand, provided that the RFC findings afford an adequate basis for meaningful review, apply the proper legal standards and are supported by substantial evidence.  *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) ("[a]s the Commissioner concedes, the Step Four residual functional capacity finding did not explicitly include [plaintiff's] non-exertional functional limitations. However, Step Four findings need only afford an adequate basis for

meaningful judicial review, apply the proper legal standards, and be supported by substantial evidence such that additional analysis would be unnecessary or superfluous").

Here, plaintiff is correct that the ALJ's RFC determination did not specifically mention the non-exertional limitations described by Dr. Ransom's opinion, notwithstanding the ALJ's statement that he was affording that opinion "some weight." However, from the ALJ's application of the special technique in his decision, it is clear that the ALJ found that plaintiff's mental impairments had no appreciable effect on her ability to work. Specifically, he determined that they resulted in no limitations in her daily living, no limitations in social functioning, no episodes of decompensation, and gave rise to only a mild limitation with regard to concentration, persistence and pace. (Dkt. #9 at 18). On that basis, he determined that plaintiff's alleged anxiety, depression and/or PTSD were non-severe impairments – incidentally, a determination that plaintiff, who bears "the burden of showing that she suffered from a severe mental impairment," does not challenge. *Robbins v. Colvin*, 2016 U.S. Dist. LEXIS 37372 at *34-*35 (N.D.N.Y. 2016).

Because the ALJ found plaintiff's non-exertional "limitations to be non-existent or *de minimis*," any error resulting from his failure to address them in his RFC analysis is harmless. *Trombley v. Colvin,* 2016 U.S. Dist. LEXIS 132079 at *51 (N.D.N.Y. 2016). *See also Skardinski*, 2017 U.S. Dist. LEXIS 30535 at *22 (although "the ALJ's RFC discussion does not mention the work-related non-exertional limitations identified in [medical evidence of record], any such error in that regard is harmless [because the ALJ] concluded that [those limitations] simply had a negligible effect on Plaintiff's ability to work").

The Court also notes that the ALJ's determination that plaintiff's non-exertional impairments had no more than a *de minimis* effect on her ability to work was supported by

substantial evidence.   Dr. Ransom examined plaintiff on only one occasion, and there is no other, objective evidence in the record to support that portion of Dr. Ransom's opinion which indicated that plaintiff's depression causes her to be moderately impaired with respect to complex tasks, relating with others, and/or dealing with stress.   To the contrary, treating physician Dr. Linda Clark routinely noted that notwithstanding plaintiff's diagnoses of depression and anxiety, plaintiff presented to her with "[a]ppropriate mood and affect," no "anxiety/agitation," a "pleasant" and "cooperative" demeanor, "good" insight and judgment, linear thinking, good grooming, and appropriate eye contact.   (Dkt. #9 at 262).   *See also* Dkt. #9 at 269, 278, 282, 286, 303, 306, 309). Not only are the limitations described by Dr. Ransom not supported by other evidence of record, but their significance is diluted by Dr. Ransom's positive objective findings and notations elsewhere in her opinion, relative to plaintiff's personal interactions, intellectual functioning and mood.   *See* Dkt. #9 at 349 (noting that plaintiff was "cooperative and socially appropriate," "[t]hought processes were coherent and goal-directed," "[i]ntellectual functioning appeared to be average," "[i]nsight good," "[j]udgment fair").   Plaintiff's self-reported activities, including taking public transportation, caring for herself as well as a disabled roommate, managing her household, running errands and shopping, likewise do not suggest appreciable limitations with respect to complex tasks, handling stress or associating with others. (Dkt. #9 at 35, 350).   At the hearing, plaintiff also testified that her depression symptoms had improved in the past with medication, which she had recently restarted.   (Dkt. #9 at 50).

Finally, even assuming that the ALJ did err by failing to include all of the limitations contained in Dr. Ransom's opinion in his RFC finding, that error would not have foreclosed him from relying on the Grids, under the circumstances presented here.   Again, Dr. Ransom described no more than "moderate" restrictions with regard to social interactions, handling stress and

performing complex tasks.  (Dkt. #9 at 348-51).  In the absence of any evidence in the record that plaintiff's non-exertional limitations would significantly limit the occupations available to her, such slight non-exertional limitations would not prevent the ALJ from relying on the Grids.   See *Bapp v. Bowen*, 802 F.2d 601, 602, 605 (2d Cir. 1986) ("the mere existence of a nonexertional impairment does not automatically require the production of a vocational expert nor preclude reliance on the guidelines" – use of the Grids is foreclosed where "a claimant's nonexertional impairments *significantly* limit the range of work permitted by his exertional limitations") (emphasis added).   *See also Skardinski*, 2017 U.S. Dist. LEXIS 30535 at *23-*24 (mild-to-moderate nonexertional limitations do not erode the possible range of work so significantly as to preclude reliance on the Grids); *Campusano v. Colvin*, 2016 U.S. Dist. LEXIS 40465 at *39-*40 (E.D.N.Y. 2016) ("[n]umerous courts within this Circuit have found that moderate limitations imposed by mental impairments do not automatically significantly limit employment opportunities and that reliance upon the Grids is not improper in such cases"); *Wallis v. Commissioner*, 2010 U.S. Dist. LEXIS 99582 at *31-*32 (N.D.N.Y. 2010) (same).

Because there is no evidence that plaintiff's nonexertional limitations "so narrow[ed her] possible range of work as to deprive [her] of a meaningful employment opportunity," *Boyce v. Colvin*, 2015 U.S. Dist. LEXIS 112213 at *14 (W.D.N.Y.) (quoting *Bapp*, 802 F.2d 601 at 602)), the ALJ could have appropriately applied the Grids to find that plaintiff not disabled, even if the moderate nonexertional impairments described by Dr. Ransom had been expressly included in his RFC finding.

In short, although the ALJ's discussion of Dr. Ransom's opinion is hardly a model of specificity, his decision not to incorporate the limitations it described *in toto* is nonetheless supported by substantial evidence in the record, and any error contained therein is harmless.

## II.     The ALJ's Credibility Determination

Plaintiff also asserts that the ALJ erred in assessing her credibility.

"It is the function of the Commissioner, not the reviewing courts, to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Aponte v. Sec'y, Dept. of Health & Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984) (citations and internal punctuation marks omitted).   Ultimately, "[t]he reasons for the credibility finding must be grounded in the evidence and articulated in the [ALJ's] decision."   SSR 96-7p, 1996 SSR LEXIS 4 (1996).   Thus, "after weighing the objective medical evidence in the record . . . and other indicia of credibility," an ALJ may reject a claimant's subjective allegations of limitations so long as he sets forth his "reasons [for doing so] with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence. *Washington v. Astrue*, 2012 U.S. Dist. LEXIS 172425 at *12-*13 (N.D.N.Y. 2012) (quoting *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999)).

I find that the reasoning set forth by the ALJ – that plaintiff's statements concerning disabling depression were not fully credible because they conflicted with her living arrangements, daily activities, and treatment records, all of which were described in detail by the ALJ elsewhere in his opinion (Dkt. #9 at 17-18), as well as by the Court, *supra* – was sufficiently well supported.

I have considered the rest of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not based on legal error.   The plaintiff's motion for judgment on the pleadings

(Dkt. #11) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 6, 2018.